11-1955-cv
Andersen v. Rochester City Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand twelve.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                   *Circuit Judges*,
           LAURA TAYLOR SWAIN,
                   *District Judge*.[*]

------------------------------------------------------------------------

TINA M. ANDERSEN,
                   *Plaintiff-Appellant*,

               v.                                 No. 11-1955-cv

ROCHESTER CITY SCHOOL DISTRICT,
                   *Defendant-Appellee*.

------------------------------------------------------------------------

FOR APPELLANT:        Christina A. Agola, Esq., Rochester, New York.

FOR APPELLEE:         Cara M. Briggs, *for* Charles G. Johnson, General Counsel, Rochester City School District, Rochester, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Michael A. Telesca, *Judge*).

---

[*] Judge Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 18, 2011, is AFFIRMED.

Plaintiff Tina M. Andersen appeals from an award of summary judgment in favor of defendant Rochester City School District on various federal and state law claims asserting discrimination and retaliation in employment. Specifically, Andersen claims that disputed material issues of fact warranted trial on claims that her employer (1) created or tolerated a hostile work environment based on sex in violation of Title VII, see 42 U.S.C. § 2000e, the Equal Protection Clause, and the New York State Human Rights Law ("NYSHRL"), see N.Y. Exec. Law § 290; and (2) retaliated against her for engaging in activities protected by Title VII and the NYSHRL and speech protected by the First Amendment.[1]

We review the award of summary judgment de novo, see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010), construing the evidence in the light most favorable to Andersen, and drawing all reasonable inferences and resolving all ambiguities in her favor, see Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006). We may affirm the award for any reason supported by the record. See Doninger v. Niehoff, 527 F.3d 41, 50 n.2 (2d Cir. 2008). We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] We apply Title VII standards in assessing Andersen's NYSHRL claims, see Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000), as well as her 42 U.S.C. § 1983 equal protection claim, see Hayut v. State Univ. of N.Y., 352 F.3d 733, 744 (2d Cir. 2003).

1. <u>Hostile Work Environment</u>

Andersen, a former middle school music teacher, argues that the district court erred in concluding that she failed to adduce sufficient evidence to permit a reasonable jury to find that out-of-school harassment and stalking by a seventh-grade student, M.R.,[2] and rumors circulating among Andersen's co-workers about her being fired for having a sexual relationship with a student at the school, either separately or in combination, created a hostile work environment based on Andersen's sex. We disagree.

A plaintiff claiming that her employer created or tolerated a hostile work environment based on sex must demonstrate that (1) she subjectively perceived her work environment as hostile or abusive, (2) a reasonable person would find the work environment objectively hostile or abusive, and (3) the hostility or abuse was based on sex. See <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21–22 (1993); <u>accord</u> <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d at 102. To satisfy this standard, a plaintiff must "produce enough evidence to show that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment." <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d at 102 (internal quotation marks omitted).

Applying this standard to the record as a whole, even when viewed in the light most favorable to plaintiff, Andersen's hostile work environment claim fails as a matter of law. The summary judgment record would not permit a reasonable jury to find that M.R.'s

---

[2] We identify the student by his initials because he was a minor at the time of the incidents at issue. <u>See</u> Fed. R. Civ. P. 5.2(a)(3).

allegedly sex-based harassment of Andersen outside of the school created an objectively hostile or abusive <u>work</u> environment.  Although M.R. was enrolled as a student at the school where Andersen taught, he was never Andersen's student, and nothing in the record indicates that he and Andersen ever interacted at the school.  Although M.R.'s presence in the school building may have been distressing to Andersen, no reasonable jury could find that his entirely out-of-school conduct had the effect of permeating Andersen's workplace with discriminatory intimidation, ridicule, and insult.  <u>See</u> <u>id.</u>  Those courts that have concluded that harassment occurring outside the workplace can support a hostile work environment claim have insisted on a greater connection between the harassment and the work environment.  <u>See, e.g.</u>, <u>Doe v. Oberweis Dairy</u>, 456 F.3d 704, 715–16 (7th Cir. 2006).  Nor is it clear that the summary judgment record would permit a reasonable jury to find that M.R.'s actions toward Andersen constituted sex-based harassment, rather than opportunistic property destruction and verbal harassment of both a neighbor who happened to be a woman, and the woman's boyfriend.[3]

The district court properly declined to consider evidence of co-workers' facially sex-neutral rumors in assessing Andersen's hostile work environment claims.  In analyzing

---

[3] We need not here consider whether or when a school or school district may be held liable under Title VII for a student's in-school harassment of a teacher based on the teacher's sex or other protected characteristic.  <u>See, e.g.</u>, <u>Peries v. N.Y.C. Bd. of Educ.</u>, No. 97-CV-7109 (ARR), 2001 WL 1328921, at *8 (E.D.N.Y. Aug. 6, 2001); <u>cf.</u> <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d 759, 766 (2d Cir. 1998) ("Though we need not decide the precise contours of the duty, if any, that employers owe to employees who are subjected to harassment by outsiders such as customers, such a duty can be no greater than that owed with respect to co-worker harassment."), <u>abrogated in part on other grounds by</u> <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002).

hostile work environment claims, a factfinder may only consider abusive conduct based on sex. See Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 (2d Cir. 2010). Such conduct "may be proven by harassment in such sex-specific and derogatory terms as to make it clear that the harasser is motived by general hostility to the presence of women in the workplace, or by offering some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory." Id. at 117–18 (internal quotation marks, citations, and alterations omitted). Here, male and female co-workers' speculation about the reasons for Andersen's absence from work, however offensive, does not indicate the co-workers' general hostility to the presence of women in the workplace. Nor has plaintiff adduced any circumstantial evidence that would permit a reasonable jury to infer that sexual bias informed the rumors.

2.    Retaliation

Andersen argues that the district court erred in ruling that she failed to establish a prima facie case of Title VII and NYSHRL retaliation. To carry this burden, a plaintiff must show that (1) she participated in a protected activity known to the defendant, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. See Richardson v. Comm'n on Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir. 2008). Andersen further urges that the district court erred in concluding that she failed to establish her First Amendment retaliation claim, a claim which also required her to demonstrate a causal connection between constitutionally protected speech and an adverse employment action. See Nagle v. Marron, 663 F.3d 100, 105 (2d Cir. 2011). We are not persuaded by either argument.

5

a.    Title VII and NYSHRL Protected Activity

Like the district court, we conclude that Andersen failed to satisfy the first element of her Title VII and NYSHRL retaliation claim. None of Andersen's communications to her school district supervisors about M.R. could have provided them with reasonable notice that she was complaining about workplace sexual harassment, see Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998), as opposed to requesting additional safety precautions in light of a student's out-of-school harassment. Further, as to her co-workers' rumors, the record indicates that Andersen spoke to school district officials only once about this matter, and then only "vaguely" and without requesting that the school district take any action to stop the rumors. J.A. 190–91. This single communication cannot have put the district on reasonable notice that Andersen was complaining of sex discrimination by co-workers in violation of Title VII and the NYSHRL.

b.    Adverse Employment Action

To the extent Andersen asserts retaliation in the form of constructive discharge, no reasonable jury could find that the school district "intentionally create[d] an intolerable work atmosphere that force[d Andersen] to quit involuntarily." Serricchio v. Wachovia Secs. LLC, 658 F.3d 169, 185 (2d Cir. 2011). No interactions between M.R. and Andersen ever occurred at the school, and Andersen refused to return to the school even after M.R. was incarcerated. Moreover, Andersen only vaguely complained to supervisors about co-workers' rumors and never requested that the school district take any responsive action. There is thus no basis here for concluding that, by its inaction, the district intentionally created an intolerable work atmosphere that forced Andersen to leave her position.

6

c.    Causal Connection

Insofar as Anderson charges the school district with retaliation for making complaints about M.R.'s harassment to the Rochester Police Department, the record is devoid of evidence that could support a reasonable jury finding of a causal connection between these complaints and any action taken by the school district.  To the contrary, the only record evidence indicates that Andersen's district supervisors encouraged her to deal with her problem with M.R. through the police.  Insofar as Andersen might be understood to allege retaliation for complaining to the police about the school district's inaction, the record is devoid of any evidence that Andersen made such complaints, much less that the district was aware of them.

Finally, Andersen cannot demonstrate retaliation for filing a complaint with the Equal Employment Opportunity Commission, as that complaint was not filed until a week after Andersen informed the district of her resignation.

3.    Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7